IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | | |
|---|---|---|
| **PETER MCDONALD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| **vs.** | ) | |
| | ) | |
| **ENHANCED RECOVERY** | ) | |
| **COMPANY, LLC,** | ) | **Jury Demand Endorsed Hereon** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Peter McDonald ("McDonald"), by and through his attorneys, and for his Complaint against the Defendant, Enhanced Recovery, LLC ("ERC"), Plaintiff states:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), *et seq.* Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.      McDonald is an individual who was at all relevant times residing in Hudson, Ohio.

4.  McDonald is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5.  At all relevant times, ERC acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by McDonald.

6.  The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that ERC has claimed that McDonald is obligated to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.  On information and belief, ERC is a Delaware limited liability company, which is licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.  On or about May 1, 2012, ERC sent to McDonald and he received a document (ERC's Document"), a true copy of which is attached as Exhibit "A" to this Complaint.

9.  ERC's Document claims that McDonald is indebted to AT & T for $271.62 (the "Alleged Debt"). That false claim violates 15 U.S.C. § 1692e(2) which prohibits the false representation of the character, amount or legal status of any debt.

10.  ERC's Document threatens to report McDonald to the national credit bureaus. That threat violates 15 U.S.C. § 1692e(5) because such action cannot be

legally taken, because McDonald has never done business with and owes no debt to AT & T, and it is the sole creditor for whom ERC seeks to collect a debt. That threat violates 15 U.S.C. § 1692e(8) because the threatened action should be known to be false.

11.    ERC's Document offers to settle the Alleged Debt for $135.81.

12.    McDonald responded to ERC's document by having his undersigned attorney send an email to ERC on May 13, 2012.  That email states:

> "I represent Peter McDonald of 345 Boston Mills Road, Hudson, Ohio.  On May 1, 2012, Enhanced Recovery Company, LLC ("ERC") wrote to him, claiming that he owed AT&T $271.62.  Mr. McDonald neither owes AT&T that sum nor any other amount, and has never had an account with AT&T.  <u>This email demands that you provide to *me* a copy of any documents in ERC's possession which substantiate its claim to the contrary.</u>  Your correspondence identifies a reference number of 59679973.
>
> **Do not write to or contact Mr. McDonald again.   All future communication with respect to this matter should be directed to my attention.**" [Emphasis added].

13.    ERC responded to this email on May 24, 2012, ignoring the instruction of McDonald's attorney, by using the U.S. mail to send to McDonald AT & T invoices directed to a Peter McDonald at 6216 Otoole Ln, Mount Morris, MI.  That communication violated 15 U.S.C. § 1692a(2), which prohibits a debt collector's communication with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

14.    McDonald has never lived in Michigan.  McDonald has never done business with AT&T.  McDonald does not owe and never has owed any money to

AT & T.

15.     On June 6, 2012, McDonald caused his attorney to again send an email to

ERC.  That email states:

> "Your response confirms that your claim that money is due from my client
> is bogus.  He has never lived in Michigan, and has never done business with
> AT & T.  Please confirm your apology for making this false collection claim
> by close of business on June 8, 2012.  Otherwise, a complaint will be filed
> against Enhanced Recovery Company, LLC."

ERC has failed to respond to this email.

16.     ERC's act of sending to McDonald ERC's Document resulted from its

failure to investigate whether he was the same Peter McDonald that is identified in

numbered paragraph 13 of this complaint

17.     ERC's act of sending to McDonald ERC's Document resulted from its

failure to investigate whether he had ever lived in Michigan.

19.     ERC's act of sending to McDonald ERC's Document resulted from its

failure to investigate whether he had ever had a business relationship with AT & T.

20.     ERC's actions that are described in numbered paragraphs 16 – 19 of this

complaint is part of a false, deceptive and misleading scheme and means to collect an

alleged consumer debt, contrary to the mandate of 15 U.S.C. § 1692e and 15 U.S.C. §

1692f.

21.     McDonald has been damaged by ERC's described FDCPA violations and

other actions.


WHEREFORE, pursuant to McDonald prays for judgment against ERC pursuant to

15 U.S.C. § 1692k, which requires it to pay to him:  (1) his actual damages which will be

proved at trial, (2) statutory damages of $1,000.00, (3) punitive damages, (4) costs,

including reasonable attorney's fees, and (5) other relief that this court deems fair and equitable.

/s/ Stewart D. Roll
**Stewart D. Roll (0038004)**
**Climaco, Wilcox, Peca, Tarantino &**
**Garofoli Co., L.P.A.**
55 Public Square, Suite 1950
Cleveland, Ohio  44113
Tel.: 216-621-8484
Fax:  216-771-1632

## JURY DEMAND

Pursuant to Civil Rule 38, McDonald demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should he prevail on any of his claims in this action.

/s/ Stewart D. Roll
**Stewart D. Roll (0038004)**
**Climaco, Wilcox, Peca, Tarantino &**
**Garofoli Co., L.P.A.**
55 Public Square, Suite 1950
Cleveland, Ohio  44113
Tel.: 216-621-8484
Fax:  216-771-1632